**Willie PEEVYHOUSE and Lucille Peevyhouse, husband and wife, Appellants,**

v.

**GARLAND COAL & MINING COMPANY, a foreign corporation, Appellee.**

**No. 8348.**

United States Court of Appeals
Tenth Circuit.

Feb. 24, 1966.

James M. Little and Leslie L. Conner, Oklahoma City, Okl. (Woodrow McConnell, of Conner, Little & Conner, Oklahoma City, Okl., was with them on the brief), for appellants.

Robert D. Looney, Oklahoma City, Okl. (Clyde J. Watts, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

This appeal is taken from a summary judgment entered by the District Court for the Eastern District of Oklahoma holding that the asserted cause of action pleaded by plaintiffs-appellants had been fully litigated in the state courts of Oklahoma. Peevyhouse v. Garland Coal & Mining Co., Okl., 382 P.2d 109.

The state action was one for damages for breach of a coal mining lease. The instant action is between the same parties, involving the same lease, and seeks specific performance or, in lieu thereof, money damages. Particulars of alleged damages have been expanded both by addition of new elements and raising the amount claimed. Otherwise the actions are in all ways identical. Appellants sum up their argument thus: we "submit

that $300.00 (the amount of state court recovery) is not an adequate remedy at law and that in order for equity to prevail this court should reverse this decision of the trial court and enter judgment for the Appellants as a matter of law."

The judgment of the trial court is manifestly correct. Appellants have fully litigated their claims in state court, have recovered a judgment, and offer nothing to meet the doctrine of res judicata except dissatisfaction with the amount of the state court judgment.

Affirmed.